IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS, )
)
    Petitioner, ) CIVIL ACTION NO.: CV513-132
)
)
vs. ) CASE NO.: CR506-14
)
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Franklin Williams ("Williams"), who is currently incarcerated at the Federal Correctional Camp-Low in Coleman, Florida, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.[1] For the reasons which follow, Williams' § 2255 Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Williams was convicted in this Court, after a jury trial, of one count of distribution of more than five grams of cocaine base and one count of distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Honorable William T.

---

[1] "The judge who receives the [section 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b), Rules Governing Section 2255 Proceedings. It is clear that Williams is not entitled to his requested relief.

Moore, Jr., sentenced Williams to 292 months' imprisonment on each count, to run concurrently with each other and with Williams' revoked state parole term. Williams filed an appeal. The Eleventh Circuit Court of Appeals affirmed Williams' convictions and sentences. United States v. Williams, 262 F. App'x 165 (11th Cir. 2008). Williams' sentence was later reduced to 235 months' imprisonment. (CR506-14, Doc. No. 76).

In this motion, Williams contends that the Government sent its 21 U.S.C. § 851 enhancement to an attorney who was not his trial counsel. Williams asserts that, because he did not receive prior notice of the enhancement, his sentence is illegal. Williams states that he must be resentenced without this enhancement. Williams alleges that he received ineffective assistance of counsel because his trial counsel allowed his sentence to be enhanced. Williams asserts that this Court has denied him the opportunity to challenge his conviction.

Williams has filed in this Court no less than seventeen (17) prior motions pursuant to § 2255. Williams has asserted on these previous occasions either the same claims as he does in this cause of action or some variation of those claims. In fact, Williams' contentions in CV513-129 are virtually identical to the contentions he sets forth in this Motion. Williams' motion in CV513-129 is addressed in a Report and Recommendation of even date.

## DISCUSSION AND CITATION TO AUTHORITY

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333

2

F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). Without authorization from the court of appeals, a district court lacks jurisdiction to consider a movant's second or successive motion. Farris, 333 F.3d at 1216 (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

Williams did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over this section 2255 motion. However, even if the Eleventh Circuit authorized his motion, it does not appear that Williams would be entitled to his requested relief. Williams has not set forth any assertions which fall within § 2255(h)'s requirements. To the extent Williams cites Price v. United States, 537 U.S. 1152 (2003), in support of his contention that he raises a new claim, this contention must fail. In Price, the United States Supreme Court vacated and remanded "to the United States Court of Appeals for the Fifth Circuit for further consideration in light of United States v. LaBonte, 520 U.S. 751, 759-760 (1997), and the Solicitor General's acknowledgement that the Court of Appeals 'erred in concluding that petitioner's drug possession offense qualified as a predicate felony' under 18 U.S.C. § 924(c) in the absence of notice under 21 U.S.C. § 851(a)." 537 U.S. at 1152. The remand in Price occurred in 2003, well before Williams was indicted in this Court.

AO 72A
(Rev. 8/82)

Thus, Price does not represent a new rule of constitutional law that was unavailable in a previous occasion, 28 U.S.C. § 2255(h)(2), nor does that decision lend any support to Williams' claims. Additionally, Williams' claims do not fall within § 2255(h)'s requirements. Williams is not entitled to his requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 21st day of April, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE